IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS S. WILLIAMS, #10075609, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:12-CV-0897-N-BK |
| | § | |
| LUPE VALDEZ, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions and recommendation. For the reasons that follow, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice.

**I.  BACKGROUND**

Petitioner, a pretrial detainee confined at the Dallas County Jail, filed a *pro se* petition for writ of habeas corpus, challenging criminal proceedings pending against him. The Court did not issue process pending preliminary screening, but filed a deficiency order (requiring a petition on the court approved form) and a questionnaire (seeking information about the factual basis of the petition and exhaustion of state court remedies). Petitioner then filed an *Amended Petition for Writ of Habeas Corpus* under 28 U.S.C. § 2241, and answered the Magistrate Judge's Questionnaire. (Doc. 9, 10.)

Petitioner is presently awaiting trial on grand jury indictments returned in *State v. Williams*, Nos. F10-61448 and F10-61449 (265th Judicial District Court, Dallas County),

charging him with possession of a controlled substance and evading arrest. (Doc. 10, Ans. 1.) He has been confined since October 2010.

In March 2011, Petitioner filed an *Application for Writ of Habeas Corpus* in the state trial court, alleging illegal confinement due to ineffective assistance of counsel, denial of discovery, denial of an examining trial, illegal arrest, denial of due process and due course of law, and false allegations made by officers involved in his case. (Doc. 10, ans. 2 .) The trial court denied the *Application* on April 27, 2011. *Id.* In his *Amended Petition for Writ of Habeas Corpus,* Petitioner re-asserts the claims raised in his state *Application*. (Doc. 9 at 5-8.)

## II. DISCUSSION

In light of Petitioner's *pro se* status, the Court liberally construes the petition to request pretrial habeas relief under 28 U.S.C. § 2241(c), which applies to a person in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeal. *Davis v. Valdez*, No. 3:08-CV-2116-G, 2009 WL 111648, *1 (N.D. Tex. 2009) (collecting cases). Exceptions exist only where there is an absence of available state corrective process or "exceptional circumstances of peculiar urgency" render such process ineffective to protect the rights of the applicant. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (post-conviction habeas

petition); *Davis*, 2009 WL 111648, *1 (pretrial habeas petition).[1]

In answer to the questionnaire, Petitioner concedes that he has not exhausted his state court remedies. Apart from his March 2011 state *Application*, Petitioner has not presented his claims to the highest state court. (Doc. 10, ans. 2.) Nor do his claims present exceptional circumstances warranting federal court interference in the normal functioning of the state's criminal processes. The State of Texas has adequate and effective state procedures for reviewing Petitioner's constitutional claims in the event he is convicted of the present charges. Federal habeas relief should not be used as "a pretrial-motion forum for state prisoners." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973). Therefore, Petitioner's constitutional claims should be dismissed without prejudice to his right to seek federal habeas corpus relief after the state proceedings are concluded. *See Davis v. Anderson*, No. 4:03–CV–0522, 2003 WL 22389281, 1 -2 (N.D. Tex. 2003) (summarily dismissing without prejudice pretrial habeas petition raising various due process and ineffective assistance claims).

Insofar as Petitioner seeks to assert the denial of his right to a speedy trial, his claim is also unexhausted. Once an indictment has been returned, the proper method for challenging the

---

[1] While section 2241 does not expressly contain an exhaustion requirement, a pretrial detainee must exhaust state remedies under the theory that federal courts should abstain from interfering with a pending state court proceeding. As the Fifth Circuit explained:

> [A] body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Dickerson*, 816 F.2d at 225 (*citing Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973)).

denial of the right to a speedy trial is by filing a motion to set aside the indictment under Article 27.03 of the Texas Code of Criminal Procedure. *See Smith v. Gohmert*, 962 S.W.2d 590, 592-93 (Tex. Crim. App.1998). If the trial court denies the motion, the defendant may appeal that ruling post-conviction. *Id.* at 592. Speedy trial violations are appropriate for review on post-conviction appeal, but not in pretrial habeas applications. *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). Accordingly, Petitioner's speedy trial claims should also be dismissed without prejudice for failure to exhaust state court remedies. *See Davis*, 2009 WL 111648, *1 (dismissing pretrial habeas petition complaining of speedy trial violations without prejudice for failure to exhaust state remedies).[2]

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** without prejudice.

SIGNED May 3, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] While pretrial mandamus relief is available from the Texas Court of Criminal Appeals to enforce the right to a speedy trial. Petitioner does not allege that he filed a petition for writ of mandamus. *See Anthony v. Texas*, No. 4:08cv904, 2008 WL 938582, *2 (S.D. Tex. Apr. 4. 2008) (collecting cases).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE